# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2016AP2148-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Jason C. Gonzalez, Attorney at Law: |

Office of Lawyer Regulation,
          Complainant-Respondent,
     v.
Jason C. Gonzalez,
          Respondent-Appellant.

DISCIPLINARY PROCEEDINGS AGAINST GONZALEZ

| | |
|---|---|
| OPINION FILED: | November 8, 2018 |
| SUBMITTED ON BRIEFS: | August 7, 2018 |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | |
| COUNTY: | |
| JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
| CONCURRED: | |
| DISSENTED: | |
| NOT PARTICIPATING: | |

ATTORNEYS:

     For the respondent-appellant, there were briefs filed by *Peyton B. Engel*, *Elizabeth L. Spencer*, and *Hurley, Burish & Stanton*, *S.C.*, Madison.

     For the complainant-respondent, there was a brief filed by *Jonathan E. Hendrix* and *Office of Lawyer Regulation*, Madison.

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2016AP2148-D

STATE OF WISCONSIN : IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against Jason C. Gonzalez, Attorney at Law:**

**Office of Lawyer Regulation,**

**Complainant-Respondent,**

**v.**

**Jason C. Gonzalez,**

**Respondent-Appellant.**

**FILED**

**NOV 8, 2018**

Sheila T. Reiff
Clerk of Supreme Court

ATTORNEY disciplinary proceeding. *Attorney publicly reprimanded.*

¶1 PER CURIAM. Attorney Jason C. Gonzalez has appealed a report filed by Referee James C. Boll, Jr., concluding that Attorney Gonzalez committed five counts of professional misconduct and recommending that he be publicly reprimanded. In his appeal, Attorney Gonzalez challenges three of the counts of misconduct found by the referee. Specifically, he challenges the referee's findings of fact with respect to counts five, seven, and nine of the complaint filed by the Office of Lawyer

Regulation (OLR). He also challenges the referee's conclusion of law with respect to count five. Attorney Gonzalez argues that a private, rather than a public, reprimand is an appropriate sanction. He also asks that the costs of the proceeding be reduced.

¶2 Upon careful review of this matter, we uphold all of the referee's findings of fact and conclusions of law and conclude that a public reprimand is an appropriate sanction for Attorney Gonzalez's misconduct. In addition, we find it appropriate to follow our usual custom of imposing the full costs of this proceeding, which are $9,733.36 as of April 2, 2018, on Attorney Gonzalez. The OLR does not seek restitution and we do not impose a restitution order.

¶3 Attorney Gonzalez was admitted to practice law in Wisconsin in 2011 and practices in Madison. He has no prior disciplinary history.

¶4 On November 3, 2016, the OLR filed a complaint alleging nine counts of misconduct with respect to two client proceedings. Attorney Gonzalez filed an answer on December 6, 2016. The referee was appointed that same day.

¶5 Counts one through five of the OLR's complaint arose out of Attorney Gonzalez's representation of J.C. In March of 2013, J.C. was charged with operating while intoxicated (OWI), third offense. J.C. hired Attorney Gonzalez to represent him in April of 2013. J.C. signed a fee agreement, which required him to pay Attorney Gonzalez $2,500 in advanced fees. J.C. informed Attorney Gonzalez that he wanted any sentencing to occur after

September 2013. In May of 2013, J.C. emailed Attorney Gonzalez and said he wanted to push any conviction past late November 2013.

¶6 In July of 2013, the circuit court set J.C.'s trial for September 19, 2013. Later that month, J.C. emailed Attorney Gonzalez several times asking for a status update and questioning why the court had set a trial date for September. Attorney Gonzalez did not respond. In late August of 2013, the circuit court removed the September trial date.

¶7 On September 5, 2013, J.C. emailed Attorney Gonzalez with a new mailing address. In October of 2013, J.C. emailed Attorney Gonzalez again to remind him to inform the circuit court of the address change. Attorney Gonzalez did not inform the circuit court of the change.

¶8 In late October and early November 2013, J.C. again asked for status updates from Attorney Gonzalez. Attorney Gonzalez promised J.C. he would contact him with information, but he never did.

¶9 On November 12, 2013, J.C. requested Attorney Gonzalez provide him with documents and information and with answers to specific questions about the case. Attorney Gonzalez responded within a few hours, but he did not give J.C. the requested information. From January through May of 2014, J.C. occasionally sought updates about the case, but received no substantive responses.

¶10 On May 15, 2014, J.C. emailed Attorney Gonzalez saying he did not see any reason to delay the proceeding any longer.

On June 3, 2014, J.C. signed an affidavit which Attorney Gonzalez had prepared to collaterally attack one of the prior OWI convictions. Attorney Gonzalez filed a motion to collaterally attack one of the prior convictions on October 13, 2014.

¶11 On October 20, 2014, the circuit court allowed Attorney Gonzalez to withdraw from representation, upon J.C.'s request. The circuit court later appointed counsel for J.C.

¶12 On October 22, 2014, J.C. requested a partial refund from Attorney Gonzalez. Attorney Gonzalez responded that he would prepare and send J.C. an itemized bill.

¶13 In December of 2014, J.C. pled no contest to and was convicted of fourth offense OWI after the State discovered an additional prior offense.

¶14 On July 5, 2015, Attorney Gonzalez provided the OLR with a closing letter he purportedly sent to J.C. on October 30, 2014. The letter used a pre-September 2013 address for J.C. Attorney Gonzalez never sent J.C. an itemized bill, accounting of fees, or information on how to dispute the fee after the representation ended.

¶15 In July 2015, Attorney Gonzalez told the OLR that J.C. had not requested a refund or contacted him to indicate that he believed Attorney Gonzalez had not earned the entire advanced fee paid.

¶16 In addition to the OWI matter, the OLR's complaint detailed an additional matter involving J.C. While the OWI charge was pending, in November 2013, the City of Horicon issued

4

two municipal citations to J.C. regarding his car. The appearance date to contest the citations was December 18, 2013.

¶17 J.C. notified Attorney Gonzalez about the citations, but no representation agreement was ever signed concerning the citations.

¶18 On December 1, 2013, Attorney Gonzalez emailed J.C. that he had entered not guilty pleas on the City of Horicon citations. In fact, Attorney Gonzalez had not done so, nor had he entered an appearance in the City of Horicon cases. On December 10, 2013, Attorney Gonzalez told J.C. he did not have to appear at the December 18, 2013, hearing because of the entry of the not guilty pleas.

¶19 On December 18, 2013, the Horicon Joint Municipal Court found that J.C. had defaulted on the citations and assessed fines against him. In late January 2014, Attorney Gonzalez and J.C. discussed reopening the City of Horicon citations. Attorney Gonzalez told J.C. he would not pay the $50 fee to reopen the citations, and J.C. subsequently paid the fee to reopen the matters.

¶20 On February 18, 2014, Attorney Gonzalez wrote to the municipal court saying he represented J.C. in the reopened matters and at that time he also entered not guilty pleas on J.C.'s behalf. In May 2014, the Horicon municipal court found J.C. guilty on both violations. In July 2015, Attorney Gonzalez wrote to the OLR saying he did not represent J.C. in connection with the City of Horicon citations, but had done him a favor by "assisting" him.

¶21 The OLR's complaint alleged the following counts of misconduct with respect to Attorney Gonzalez's representation of J.C.:

**Count One:** By failing to diligently pursue resolution of the operating while intoxicated charge against J.C., Attorney Gonzalez violated SCR 20:1.3.[1]

**Count Two:** By failing to promptly respond to J.C.'s requests for information throughout the representation, Attorney Gonzalez violated SCR 20:1.4(a)(4).[2]

**Count Three:** By failing to provide J.C. a written final accounting and the notices regarding how to dispute the fee, Attorney Gonzalez violated former SCR 20:1.15(b)(4m)b.[3]

---

[1] SCR 20:1.3 provides: "A lawyer shall act with reasonable diligence and promptness in representing a client."

[2] SCR 20:1.4(a)(4) provides: "A lawyer shall promptly comply with reasonable requests by the client for information."

[3] Effective July 1, 2016, substantial changes were made to Supreme Court Rule 20:1.15, the "trust account rule." See S. Ct. Order 14-07, (issued Apr. 4, 2016, eff. July 1, 2016). Because the conduct underlying this case arose prior to July 1, 2016, unless otherwise indicated, all references to the supreme court rules will be to those in effect prior to July 1, 2016.

Former SCR 20:1.15(b)(4m)b. provided:

Upon termination of the representation, the lawyer shall deliver to the client in writing all of the following:

1. a final accounting, or an accounting from the date of the lawyer's most recent statement to the end of the representation, regarding the client's advanced fee payment with a refund of any unearned advanced fees;

2. notice that, if the client disputes the amount of the fee and wants that dispute to be

(continued)

6

**Count Four:** By failing to enter not guilty pleas to J.C.'s municipal citations, Attorney Gonzalez violated SCR 20:1.3.

**Count Five:** By misrepresenting to the OLR that he had sent J.C. a letter dated October 30, 2014, accounting for his fee and providing the notices required under former SCR 20:1.15(b)(4m), and that he did not represent J.C. on J.C.'s municipal citations, Attorney Gonzalez in each instance violated SCR 22.03(6),[4] enforced via SCR 20:8.4(h).[5]

¶22 The remaining four counts of misconduct alleged in the OLR's complaint arose out of Attorney Gonzalez's representation of D.J. In January 2013, D.J. was charged with three counts of sexual assault of a child. D.J. hired Attorney Gonzalez to represent him in February 2013. In March 2013, D.J. was charged with four felonies, including three for child enticement. At

---

submitted to binding arbitration, the client must provide written notice of the dispute to the lawyer within 30 days of the mailing of the accounting; and

    3. notice that, if the lawyer is unable to resolve the dispute to the satisfaction of the client within 30 days after receiving notice of the dispute from the client, the lawyer shall submit the dispute to binding arbitration.

[4] SCR 22.03(6) provides: "In the course of the investigation, the respondent's wilful failure to provide relevant information, to answer questions fully, or to furnish documents and the respondent's misrepresentation in a disclosure are misconduct, regardless of the merits of the matters asserted in the grievance."

[5] SCR 20:8.4(h) provides: "It is professional misconduct for a lawyer to fail to cooperate in the investigation of a grievance filed with the office of lawyer regulation as required by SCR 21.15(4), SCR 22.001(9)(b), SCR 22.03(2), SCR 22.03(6), or SCR 22.04(1)."

least one of the child enticement counts was for an attempt. Attorney Gonzalez agreed to represent D.J. in the child enticement case.

¶23 The OLR's complaint alleged that with respect to the child enticement case, Attorney Gonzalez did not perform legal research on whether D.J.'s actions constituted an "attempt."

¶24 On May 9, 2014, D.J. pled no contest to one count of attempted child enticement and one count of exposing a child to harmful materials in the child enticement case. The State dismissed the charges in the sexual assault case. In July of 2014, D.J. was sentenced to six years in prison, followed by six years of extended supervision.

¶25 In August 2014, Attorney Gonzalez filed a Notice of Intent to Pursue Postconviction Relief on behalf of D.J. In November 2014, the state public defender appointed Attorney Cole Ruby to represent D.J. in the postconviction matter. In October 2015, Attorney Ruby moved the court to vacate D.J.'s conviction and withdraw his guilty plea. One of Attorney Ruby's arguments was that Attorney Gonzalez had been ineffective because the attempted child enticement charges lacked a factual basis and could have been dismissed.

¶26 On January 12, 2016, Attorney Gonzalez testified at a hearing on the postconviction motion that he had not done any case law research on the meaning of "attempt." In April of 2016, the circuit court granted D.J.'s motion to withdraw his plea, citing as the basis Attorney Gonzalez's failure to understand and explain "attempt" to D.J. In May 2016, the

circuit court vacated D.J.'s conviction and reopened both the sexual assault case and the child enticement case.

¶27 In 2013, Attorney Gonzalez also agreed to represent D.J. in an ongoing paternity and child support matter. Attorney Alicia Nall represented the petitioner.

¶28 In January 2015, the circuit court held a hearing on placement and granted D.J. telephone contact with his daughter. Attorney Gonzalez was ordered to prepare a written order but failed to do so.

¶29 On January 22, 2015, Attorney Gonzalez and D.J. discussed D.J.'s ability to telephone his daughter. Attorney Gonzalez told D.J. he would contact Attorney Nall.

¶30 In February 2015, D.J. made numerous attempts to contact Attorney Gonzalez about having telephone contact with his daughter, without success. In March 2015, D.J. wrote to the circuit court requesting a hearing about telephone contact with his daughter.

¶31 In March 2015, the circuit court contacted Attorney Nall about the order which Attorney Gonzalez was supposed to have prepared. Attorney Nall drafted an order and submitted it to the court. In May 2015, Attorney Nall moved the circuit court for attorney's fees and sanctions against Attorney Gonzalez for his failure to draft the order.

¶32 On May 11, 2015, D.J. wrote to Attorney Gonzalez about his lack of communication and inquired about setting up the telephone calls with his daughter.

9

¶33 D.J. filed a grievance against Attorney Gonzalez in March 2015. By letter dated May 19, 2015, the OLR notified Attorney Gonzalez that his written response to the grievance was required. Attorney Gonzalez provided his written response to the OLR on July 5, 2015. Attorney Gonzalez said D.J. had not attempted to contact him since he was incarcerated in 2014 and that it was up to D.J., not Attorney Gonzalez, to arrange telephone contact between D.J. and his daughter.

¶34 Attorney Gonzalez did not disclose to the OLR his failure to prepare and submit the written order effectuating the ruling made in January 2015 that D.J. be allowed telephone contact with his daughter. Attorney Gonzalez did not disclose to the OLR Attorney Nall's motion for sanctions based upon Attorney Gonzalez's failure to prepare the order as directed.

¶35 On July 13, 2015, the circuit court ordered Attorney Gonzalez to pay $100 to Attorney Nall. The circuit court also granted Attorney Gonzalez's motion to withdraw as D.J.'s counsel. Attorney Gonzalez subsequently paid the $100 sanction to Attorney Nall.

¶36 The OLR's complaint alleged the following counts of misconduct with respect to Attorney Gonzalez's representation of D.J.:

> **Count Six:** By failing to research case law on the issue of whether D.J.'s actions constituted an

10

"attempt" at child enticement, Attorney Gonzalez violated SCR 20:1.1.[6]

**Count Seven:** By failing to prepare the court order to permit D.J. to have telephone contact with his daughter, Attorney Gonzalez violated SCR 20:1.3.

**Count Eight:** By failing to respond to D.J.'s inquiries regarding establishing telephone contact, Attorney Gonzalez violated SCR 20:1.4(a)(4).

**Count Nine:** By misrepresenting to the OLR that D.J. had not contacted him about the paternity matter and by failing to disclose to the OLR that he was responsible for preparing the court order to facilitate D.J.'s phone visits with D.J.'s daughter, Attorney Gonzalez in each instance violated SCR 22.03(6), enforceable via SCR 20:8.4(h).

¶37 The parties filed a stipulation of facts on August 29, 2017. A hearing was held before the referee on August 31, 2017. The referee issued his report and recommendation on November 6, 2017. The referee found that the OLR had met its burden of proof on counts two, four, five, seven, and nine of the complaint, but had not met its burden of proof on counts one, three, six, and eight.

¶38 With respect to count two, the referee said based on the long spans of Attorney Gonzalez having no communication with J.C. and his failure to respond to J.C.'s requests in a substantive way, the OLR demonstrated by clear and convincing evidence that Attorney Gonzalez violated SCR 20:1.4(a)(4). With respect to count four, the referee said that Attorney Gonzalez

---

[6] SCR 20:1.1 provides: "A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation."

admitted that he lied to J.C. when he said he had filed the pleas to the City of Horicon citations and when he told J.C. he did not have to appear on the hearing date because not guilty pleas had been entered.

¶39 The referee said Attorney Gonzalez did nothing to defend the citations after the matter was reopened, and J.C. was found guilty of the two citations. The referee also said Attorney Gonzalez's testimony at the disciplinary hearing that he would not apologize to J.C. for lying to him was a troubling indication of a lack of remorse. The referee found by clear and convincing evidence that by failing to enter not guilty pleas to J.C.'s municipal citations, Attorney Gonzalez violated SCR 20:1.3.

¶40 With respect to count five, the referee noted that J.C. was sometimes without a phone and at times was not accessible during regular hours. In addition, J.C. changed his address several times during Attorney Gonzalez's representation. The referee found that Attorney Gonzalez did not misrepresent to the OLR that he sent an October 30, 2014 closing letter, and the referee termed this an administrative error that occurs in all businesses.

¶41 The referee said there was nothing in the record to indicate that when Attorney Gonzalez represented to the OLR that he had sent the letter he was not being truthful. The referee found, however, that Attorney Gonzalez did misrepresent to the OLR that he was "assisting" as opposed to representing J.C. regarding the City of Horicon citations, and the referee said

12

the facts of record demonstrated that Attorney Gonzalez was serving the function of representing J.C., not merely "assisting" him. Thus, the referee found by clear and convincing evidence that, when Attorney Gonzalez represented to the OLR that he "assisted" J.C. and did not represent him regarding the citations, Attorney Gonzalez violated SCR 22.03(6), enforced via SCR 20:8.4(h).

¶42 With respect to count seven, the referee found that Attorney Gonzalez was working to obtain a facilitator for D.J. to arrange telephone contact with his daughter. The referee found that Attorney Gonzalez's explanation that he could not draft the order pursuant to the circuit court's direction because he could not find a facilitator was not credible. The referee noted that Attorney Nall was able to draft the order without obtaining a facilitator. The referee found that by failing to prepare the court order to permit D.J. to have telephone contact with his daughter, Attorney Gonzalez failed to act with reasonable diligence and promptness, in violation of SCR 20:1.3.

¶43 Finally, with respect to count nine, the referee said Attorney Gonzalez admitted that his statement to the OLR that D.J. had not contacted him since he was incarcerated was untrue. While Attorney Gonzalez argued this was a misstatement and that he provided a letter contradicting the statement to the OLR, the referee said this was not the only misrepresentation contained in Attorney Gonzalez's response to the OLR regarding his representation of D.J. in the paternity matter.

13

¶44 The referee said Attorney Gonzalez stated it was up to D.J. to arrange telephone contact between D.J. and his daughter when this was not true. The referee also said that Attorney Gonzalez neglected to notify the OLR of his failure to prepare and submit the written order effectuating the circuit court's January 13, 2015 order. Finally, the referee said that Attorney Gonzalez failed to notify the OLR that Attorney Nall had filed a motion for sanctions against him for his failure to file the order and that the motion had been granted. The referee found, based on these misstatements and omissions, that Attorney Gonzalez violated SCR 22.03(6), enforceable via SCR 20:8.4(h).

¶45 The referee concluded that a public reprimanded was an appropriate sanction for Attorney Gonzalez's misconduct. The referee also recommended that the full costs of the proceeding should be assessed against Attorney Gonzalez.

¶46 In his appeal, Attorney Gonzalez says he concedes count 2, i.e. that he failed to promptly respond to J.C.'s request for information. He also concedes the substance of count 4 and admits that he failed to enter not guilty pleas for J.C.'s municipal citations and that he told J.C. he had done so. However, Attorney Gonzalez takes issue with the referee's conclusion that Attorney Gonzalez's invocation of the phrase "excusable neglect" in his motion to reopen the municipal citations was an untruthful statement to the municipal court. He also challenges the referee's statement that Attorney Gonzalez's unwillingness to apologize to J.C. represents a troubling lack of remorse. He asks the court to take notice of

14

these points insofar as they bear on the referee's findings that Attorney Gonzalez violated SCR 22.03(6), enforceable via SCR 20:8.4(h).

¶47 Attorney Gonzalez also argues that the referee's conclusion of law with respect to count five is without support in the record. Attorney Gonzalez does not dispute the referee's conclusion related to his sending a closing letter to J.C. dated October 30, 2014. He does dispute the referee's finding that he misrepresented to the OLR that he was "assisting" as opposed to "representing" J.C. with respect to the City of Horicon citations. Attorney Gonzalez continues to argue that his involvement with the citations was a favor to J.C., and he says neither party viewed the relationship as an attorney/client relationship. Attorney Gonzalez asks this court to overturn the referee's conclusion that Attorney Gonzalez violated SCR 22.03(6), enforced via SCR 20:8.4(h) when he stated he did not represent J.C. regarding the City of Horicon citations.

¶48 Attorney Gonzalez also argues that the referee's findings of fact with respect to count seven are clearly erroneous because they relied on evidence not in the record. He says that SCR 20:1.3 requires that an attorney "shall act with reasonable diligence and promptness in representing a client." He says the record reflects that D.J. did not want Attorney Gonzalez's representation. He says pursuant to a request by D.J., Attorney Gonzalez filed a motion to withdraw as D.J.'s counsel. The motion was granted but the circuit court subsequently reappointed Attorney Gonzalez as counsel to avoid a

15

delay. Once D.J. entered a guilty plea and was sentenced, Attorney Gonzalez was replaced by Attorney Cole Ruby. Attorney Gonzalez argues that once his involvement with D.J.'s criminal matters ended, so did the need for his involvement in the paternity action.

¶49 Attorney Gonzalez says he has always acknowledged that he failed to prepare a court order regarding D.J.'s telephone contact with his daughter. He argues that under the circumstances he believed it was impossible to complete the task as assigned since he was unable to find a person acceptable to the child's mother who was willing to serve as a chaperone for calls between D.J. and his daughter. Attorney Gonzalez says he has conceded he could have taken some action, but he argues anything he could have done would not have fulfilled the court's order.

¶50 Attorney Gonzalez notes the referee found the explanation that he could not find a facilitator to be "not credible" since Attorney Nall was able to draft the order without obtaining a facilitator. Attorney Gonzalez argues the referee's finding in this regard is partially made on facts not in the record since neither party offered either the order drafted by Attorney Nall or any testimony about its contents into evidence. Attorney Gonzalez argues that because the referee's conclusion regarding count seven assumes facts not in evidence, this court should overturn the referee's conclusion of law with respect to count seven.

16

¶51 Finally, Attorney Gonzalez argues that the referee's findings of fact with respect to count nine are clearly erroneous. He concedes he made misstatements, but he argues they were never intended to mislead the OLR and that he corrected them and complied with any follow up investigation. He argues his mistakes in disclosing information, while unfortunate, were not an attempt to hinder or deceive the OLR.

¶52 Attorney Gonzalez acknowledges that aspects of the record reflect poorly on him, but he says that to the extent he is to be disciplined, the discipline should be on the basis of legally and factually correct determinations and should be proportional to the degree of misconduct actually proved. He says given his "otherwise untroubled history" the sanction "should be relaxed." In his reply brief, Attorney Gonzalez suggests that a private reprimand would be an appropriate sanction.

¶53 The OLR argues that the record supports the referee's findings of fact with respect to all of the counts on which the referee found the OLR met its burden of proof. With respect to count four, the OLR says the record supports the referee's factual finding that Attorney Gonzalez indicated to the Horicon municipal court that the reason for the default on the citations was excusable neglect when that was not true. The OLR says the referee's finding of fact in this regard is not clearly erroneous, and it is reasonable for the referee to infer that Attorney Gonzalez was being evasive during his testimony at the disciplinary hearing when he said, "I don't reference whose

17

neglect it was or whether it was excusable." The OLR also says the referee's finding that Attorney Gonzalez is not remorseful with respect to his handling of J.C.'s cases is clearly supported by the record.

¶54 The OLR goes on to argue that the referee's findings of fact and conclusions of law with respect to counts five, seven, and nine are all supported by the record. The OLR says a public reprimand is an appropriate sanction. It also asserts that the full costs of the proceeding should be assessed against Attorney Gonzalez. The OLR says although the referee found that the OLR did not meet its burden of proof on four of the nine counts alleged in the complaint, the referee did not find that any of the counts were improperly brought, and the referee was troubled by Attorney Gonzalez's conduct in regard to some of the unproven counts. The OLR's position is that all of the litigation costs of the proceeding are reasonable and were necessarily incurred.

¶55 A referee's findings of fact are affirmed unless clearly erroneous. Conclusions of law are reviewed de novo. See In re Disciplinary Proceedings Against Eisenberg, 2004 WI 14, ¶5, 269 Wis. 2d 43, 675 N.W.2d 747. The court may impose whatever sanction it sees fit, regardless of the referee's recommendation. See In re Disciplinary Proceedings Against Widule, 2003 WI 34, ¶44, 261 Wis. 2d 45, 660 N.W.2d 686.

¶56 After careful review of the matter, we conclude there has been no showing that any of the referee's findings of fact are clearly erroneous. Accordingly, we adopt them. We further

18

agree with the referee's conclusions of law that Attorney Gonzalez violated the supreme court rules set forth above.

¶57 With respect to the appropriate level of discipline, we also agree with the referee that a public reprimand is an appropriate sanction. Although Attorney Gonzalez has no disciplinary history, and even though the referee found that the OLR did not meet its burden of proof on all counts alleged in the complaint, the counts that were proven are serious enough to warrant public discipline. We find the misconduct at issue here somewhat analogous to the Public Reprimand of Sarah Clemment, No. 2011-6 (electronic copy available at https://compendium.wicourts.gov/app/raw/002365.html), in which an attorney was publicly reprimanded for giving a client an incorrect date for a removal hearing, making a misrepresentation in a motion to reopen an order denying an asylum petition and ordering the client's deportation, failing to follow statutory requirements in pursuing an appeal, and lying to the client.

¶58 Finally, we find it appropriate to follow our usual practice of imposing the full costs of the disciplinary proceeding on Attorney Gonzalez. The OLR does not seek restitution, and we do not impose any.

¶59 IT IS ORDERED that Jason C. Gonzalez is publicly reprimanded.

¶60 IT IS FURTHER ORDERED that within 60 days of the date of this order, Jason C. Gonzalez pay to the Office of Lawyer Regulation the costs of this proceeding, which are $9,733.36.

19