**2026 WI 1**

# Supreme Court of Wisconsin



IN THE MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
BRYANT H. KLOS, ATTORNEY AT LAW

OFFICE OF LAWYER REGULATION,

*Complainant,*

*v.*

BRYANT H. KLOS,
*Respondent.*

No. 2023AP1664-D

Decided January 7, 2026

ATTORNEY DISCIPLINARY PROCEEDING

¶1 PER CURIAM. This case is before the court following referee Edward E. Leinenweber's report and recommendation that Attorney Bryant H. Klos be publicly reprimanded and that he be ordered to pay the full costs of this disciplinary proceeding. The Office of Lawyer Regulation (OLR) alleged that Attorney Klos violated Supreme Court Rule (SCR) 20:1.3 by failing to diligently represent an estate in probate case.[1]

---

[1] SCR 20:1.3 provides that a lawyer shall act with reasonable diligence and promptness in representing a client.

Per Curiam

¶2    Neither party has filed an appeal. Accordingly, the court reviews this matter pursuant to SCR 22.17(2).[2] We accept the referee's recommendation to adopt the material factual assertions in the parties' two stipulations as true. We further agree, based on the stipulations, that there is clear, satisfactory, and convincing evidence that Attorney Klos violated SCR 20:1.3 as a result of his admitted conduct.  Upon review, we conclude that a public reprimand is the appropriate measure of discipline.

¶3    On September 11, 2023, the OLR filed a complaint alleging one-count of lack of diligence by Attorney Klos for failing to complete the work necessary to conclude the administration of an estate in probate. Attorney Klos was admitted to practice law in Wisconsin in 1984 and is currently employed at Hale, Skemp, Hanson, Skemp & Sleik in La Crosse. He has no history of public discipline in Wisconsin.

¶4    The basis of OLR's disciplinary complaint arises out of a probate proceeding, *In re Inez C. Erickson*, La Crosse County Circuit Court Case Number 2010-PR-569. Inez C. Erickson was married to Phillip M. Erickson. In 1990, Inez Erickson died, leaving a life interest in various assets to Phillip Erickson, with the remainder going to specific family members. Those members included Inez Erickson's nieces. In 2007, Phillip Erickson died.

¶5    On December 29, 2010, Attorney Klos filed a petition for Special Administration, opening a probate matter to disburse the assets that had been part of Phillip Erickson's life estate. The court appointed Inez Erickson's nieces as special administrators. From the filing of the petition in December 2010 through August 2013, Attorney Klos's case file and the online court record reflect little activity in the case. During this timeframe, the circuit court issued numerous notices to close the estate, and Attorney Klos filed several petitions to extend the time to close the estate.

---

[2] SCR 22.17(2) provides:

If no appeal is filed timely, the supreme court shall review the referee's report; adopt, reject, or modify the referee's findings and conclusions or remand the matter to the referee for additional findings; and determine and impose appropriate discipline.

¶6    On September 4, 2013, the circuit court removed one of Erickson's nieces as a special administrator due to her health, leaving one niece to serve alone in that role. The court also issued an order approving the heirs' agreement as to how the assets should be divided. In November 2013, Attorney Klos recovered approximately $32,272.72 belonging to the heirs from an investment firm, but did not distribute the funds until 2016. In March 2016, Attorney Klos recovered another approximately $43,657.31 in estate funds that the State's Unclaimed Property Fund had erroneously paid out to two individuals. Attorney Klos did not disburse these funds to the heirs until October 2016.

¶7    Following the 2016 distributions, there remained assets to which the estate was entitled, including paper stock certificates and additional property being held in the State's Unclaimed Property Fund. On June 23, 2017, Attorney Klos sent Erickson's niece documents for her signature to allow a transfer agent to sell some of the stock. In late June 2017, the completed paperwork was returned to Attorney Klos. After receiving the documents, Attorney Klos needed to order original death certificates to submit to the transfer company to effectuate the stock transaction. He failed to do so.

¶8    In September 2017, one of Erickson's nieces filed a grievance with OLR against Attorney Klos. When the OLR inquired about the status of the case on July 23, 2018, Klos stated, " . . . my mental block on this case has gotten worse. I have completed no substantial work on the file since my last letter."

¶9    In May 2021, Attorney Klos filed a claim with the State's Unclaimed Property Fund for the remaining estate property. In March 2022, the State disbursed approximately $15,355.27 to Erickson's niece. She, in turn, provided the funds to Attorney Klos, who deposited them into his firm's trust account. This reportedly represented only a portion of the heirs' assets, however, and the State continued to hold additional estate property in the Unclaimed Property Fund. To date, Attorney Klos has not disbursed any of the funds he received in 2022 nor has he taken further action to claim the remaining estate assets from the State's Unclaimed Property Fund.

¶10    On April 9, 2022, twelve years after the probate action was filed, one of Inez Erickson's nieces passed away. On May 31, 2022, Attorney Klos filed a petition for extension of time to close the estate. In support of

his request, Attorney Klos noted the receipt of funds from the State's Unclaimed Property Fund, but reported that the distribution appeared to be only one heir's share and did not include other shares the estate had claimed.

¶11     As of May 2023, Attorney Klos had not liquated all of the stocks. On June 5, 2023, the circuit court granted Attorney Klos's request to extend the time for closing the estate. It was the twenty-seventh extension the court had granted.

¶12     On September 11, 2023, after the Special Administration had been open for more than twelve years, OLR filed a disciplinary complaint against Attorney Klos. The complaint alleged:

> By failing to diligently complete the legal work necessary to conclude the Special Administration of the Inez Erickson estate, including failing to collect all the assets belonging to the estate, which has been open for over twelve years, Attorney Brian [sic] Klos violated SCR 20:1.3.

¶13     On October 10, 2023, the court appointed the Hon. Edward Leineweber as referee. On February 14 and September 5, 2024, the OLR sent interrogatories and document requests to Attorney Klos's counsel. Although Attorney Klos provided much of his case file to the OLR, he never formally responded to either of its discovery requests.

¶14     On November 25, 2024, the parties filed a stipulation, pursuant to which Attorney Klos agreed to plead no contest to the misconduct charge and agreed to specific sanction factors. He admitted to the facts and misconduct as alleged by the OLR. As part of the stipulation, Attorney Klos indicated that he is aware that: 1) he was charged with violations of the supreme court rules which resulted in this disciplinary matter; 2) he had the right to consult counsel in this matter; 3) he had a right to contest the complaint allegations; 4) he entered into the stipulation knowingly and voluntarily; and 5) the stipulation was not the result of a plea bargain.

¶15     The parties also agreed as to the mitigating and aggravating factors. Attorney Klos had no prior discipline and his misconduct was not the result of a dishonest or selfish motive, which were mitigating factors. As to aggravating factors, Attorney Klos had substantial experience in the

practice of law, failed to formally respond to OLR's discovery requests, and the beneficiaries of the Erickson's estate included vulnerable victims. The parties stipulated that no other aggravating or mitigating factors for sanction were present.

¶16 On February 28, 2025, pursuant to a request from the referee for more information, another stipulation was filed in which the parties provided more factual detail to support the complaint allegations. In its brief in support of the stipulation, the OLR recommended that Attorney Klos's license be suspended for 60 days. On March 25, 2025, Attorney Klos filed his brief in support of the stipulation. Attorney Klos argued that the appropriate level of discipline is a public reprimand.

¶17 The parties also disagreed as to the amount of costs to be assessed. The OLR argued that there is no reason to deviate from the general rule requiring a respondent to pay all costs and fees for disciplinary proceedings. Attorney Klos argued that his early acceptance of responsibility justified a reduction in costs.

¶18 The referee concluded that there was an adequate factual basis to accept Attorney Klos's no contest plea. The referee determined that the OLR met its burden of demonstrating by clear, satisfactory, and convincing evidence that Attorney Klos failed to act with reasonable diligence in representing the Inez Erickson estate, in violation of SCR 20:1.3. Finally, the referee approved the two stipulations which established the factual record and the aggravating and mitigating factors relevant to sanctioning.

¶19 Relying on the factors set forth in *In re Disciplinary Proceedings Against Scanlan*, 2006 WI 38, ¶72, 290 Wis. 2d 30, 712 N.W.2d 877, the referee recommended that Attorney Klos be publicly reprimanded for his misconduct in failing to act with reasonable diligence and promptness in representing the heirs in the Erickson estate. The referee noted that some of the developments were Attorney Klos's fault, but many others were not, which tipped the sanction in favor of a reprimand and against a license suspension. In particular, the referee noted that: 1) the court orders had to be amended more than once due to incorrect information being provided to the respondent by third parties; 2) an agreement for the distribution to the contending claimants of the remainder assets was eventually reached, but the process was protracted and complicated by the number of people involved; 3) when certain assets were transferred to the State's Unclaimed

Property Fund, distributions were erroneously made to persons not entitled to them; and 4) Attorney Klos suffered personal setbacks including the death of a close family member, illness of one of the firm's partners, and the COVID-19 pandemic.

¶20 Additionally, the referee noted that Attorney Klos provided hundreds of pages of discovery to the OLR. Although it was not a formal answer to the agency's interrogatories or request for production of documents, Attorney Klos provided the OLR with over 600 pages of his law firm case file. Attorney Klos did not include his billing records, but instead of compelling discovery, the parties reached the stipulations making up the record for the referee's review. Thus, the referee concluded that the absence of a formal discovery response was a "neutral" factor which was "inconsequential" to the recommendation for a public reprimand.

¶21 The referee explained that the above-mentioned circumstances are not taken as a defense to the disciplinary complaint, but instead illustrate the larger context in which the misconduct took place. He further noted that, taken together, all the factors, "weigh in favor of a public reprimand, especially given the lack of prior discipline and the court's policy of progressive sanctioning."

¶22 Finally, the referee agreed with OLR that Attorney Klos should be responsible for all costs associated with the proceeding. The referee explained that OLR's refusal to offer him a consensual reprimand pursuant to SCR 22.09 did not constitute an extraordinary circumstance warranting departure from the general rule. Additionally, although Attorney Klos was mostly cooperative, the referee observed that Attorney Klos put the OLR to its burden of proof and raised five affirmative defenses in his answer to the complaint.

¶23 This court will affirm a referee's findings of fact unless they are clearly erroneous but will review the referee's conclusions of law de novo. *In re Disciplinary Proceedings Against Inglimo*, 2007 WI 126, ¶5, 305 Wis. 2d 71, 740 N.W.2d 125. This court determines the appropriate sanction independent of the referee's recommendation, but benefitting from it. *In re Disciplinary Proceedings Against Widule*, 2003 WI 34, ¶44, 261 Wis. 2d 45, 660 N.W.2d 686.

¶24 There is no showing that any of the referee's findings of fact, which are derived from the parties' two stipulations and the record, are

clearly erroneous, and we adopt them. We also adopt the referee's conclusions of law with respect to the one count of misconduct.

¶25 With respect to the appropriate sanction, this court considers the seriousness, nature and extent of misconduct, the level of discipline needed to protect the public, the courts, and the legal system from repetition of the attorney's misconduct, the need to impress upon the attorney the seriousness of the misconduct, and the need to deter other attorneys from committing similar misconduct. *See In re Disciplinary Proceedings Against Charlton,* 174 Wis.2d 844, 875–76, 498 N.W.2d 380 (1993).

¶26 While the OLR's recommendation of a sixty-day suspension is not unreasonable, we find a public reprimand is the appropriate measure of discipline. The mitigating factors, including lack of prior discipline and lack of financial motive, tip this case away from suspension and in favor of public reprimand. We find the cases of *In re Disciplinary Proceedings Against Gonzalez*, 2018 WI 104, 384 Wis. 2d 300, 919 N.W.2d 559 (attorney demonstrated lack of diligence in two matters by failing to prepare a court order and failing to enter municipal not guilty pleas) and Public Reprimand of Sarah Clemment, No. 2011-6 (attorney showed lack of diligence by failing to appear at client's final immigration hearing and failing to timely advance her client's interests) to be analogous and persuasive. In both matters, a public reprimand was determined to be the appropriate measure of discipline.

¶27 Upon this record, it appears that the referee's recommendation of public reprimand is appropriate. This level of discipline reflects the aggravating and mitigating factors and is consistent with prior disciplinary actions. We agree with the referee that Attorney Klos's inability to complete the necessary legal work to conclude an estate proceeding, no matter how complex, and allowing the proceeding to continue for fifteen years, eight of which were under the scrutiny of this OLR disciplinary proceeding, is a professional failure as to diligence and responsibility. A public sanction is warranted.

¶28 We find that the referee's recommendation as to costs is also appropriate. There are no exceptional circumstances to justify a departure from SCR 22.24's general rule.

¶29 IT IS ORDERED that Bryant H. Klos is publicly reprimanded for his professional misconduct.

¶30     IT IS FURTHER ORDERED that within 60 days of the date of this order, Bryant H. Klos shall pay to the Office of Lawyer Regulation the costs of this proceeding, which are $8,378.50 as of June 23, 2025.